THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **LIGNOS-LOPEZ**, *et al.*,<br><br>*Plaintiffs,*<br><br>v.<br><br>**SERVICIOS DE TERAPIA EDUCATIVA GIRASOL, INC.**, *et al.*,<br><br>*Defendants.* | Civ. No. 22-cv-1419 (MAJ) |

### OPINION AND ORDER

### I.  Introduction

Before the Court is a Motion to Dismiss (the "Motion") filed by the Commonwealth of Puerto Rico, Department of Education of Puerto Rico, and Hon. Yanira Raíces Vega ("DOE" or "Defendants"). (**ECF No. 91**). This Motion is in response to the Third-Party Complaint initiated by Plaintiffs Alexander Rafael Lignos-López, Vanessa Padilla-Muñoz, and their minor child DALP ("Plaintiffs"). (**ECF No. 84**).

The underlying suit arises from the Complaint filed by Plaintiffs against Servicios de Terapia Educativa Girasol, Inc. ("Colegio Girasol"). (**ECF Nos. 1**). Plaintiffs' initial Complaint, distinct from their Third-Party Complaint, accuses Colegio Girasol's staff of neglect and abuse towards DALP. (**ECF Nos. 1, 49, 84**). Plaintiffs' Complaint also claims violations of the Fourteenth Amendment under 42 U.S.C. § 1983 and asserts state law claims under various sections of Puerto Rico's laws, arguing Colegio Girasol violated

DALP's constitutional and statutory rights by failing to provide him appropriate special education services. (**ECF No. 49 at 16, 20, 24, 28**).[1]

Defendants' Motion, seeks dismissal of Plaintiffs' Third-Party Complaint under Federal Rule of Civil Procedure 12(b)(1) for lack of federal subject matter jurisdiction because Plaintiffs have failed to exhaust all administrative remedies under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq*. (**ECF No. 91 at 3, 11-12**).[2] For the reasons stated hereinafter, Defendants' Motion to Dismiss is **GRANTED**.[3]

## II.   Factual and Procedural Background

DALP is a "special education student" who has various physical, mental, and developmental conditions. (**ECF No. 49 ¶ 2-3**). DALP "was enrolled at Colegio Girasol", where he received services from "August 2019 . . . until December 2021". *Id*. at 6-7. During this time, "payment for the services [DALP] was receiving at Colegio Girasol were made by the DOE through reimbursement." *Id*. at 7.

Plaintiffs, after their initial Complaint and subsequent amendments, expanded the scope of their legal action by filing a Third-Party Complaint against the DOE, and later amended this Complaint. (**ECF Nos. 1, 7, 13, 17, 25, 49, 77, 84**). Plaintiffs' Third-Party Complaint claims that the DOE approved their son to receive special education services

---

[1] Plaintiffs assert state law claims under 18 L.P.R.A. §§ 1351, 1355, 31 L.P.R.A. § 10801, and Article 1538 of the Civil Code. (**ECF No. 49 at 16, 20, 24, 28**). Under 28 U.S.C. § 1367(e), "the term 'State' includes … the Commonwealth of Puerto Rico" and will be referred to as such for the purposes of this Opinion and Order. 28 U.S.C. § 1367(e). *Pérez Arritola v. García Muñiz*, 22-cv-01507, 2023 U.S. Dist. LEXIS 52202, at *2 n.1, 2023 WL 2643483 (D.P.R. Mar. 27, 2023).

[2] Defendants also argue that Plaintiffs' monetary claims are beyond the two-year statute of limitations set by IDEA. (**ECF No. 91**). However, based on the Court's analysis as described in this Opinion, the Court will refrain from considering this additional argument.

[3] In considering Defendants' Motion, the following filings were reviewed: Plaintiffs' Amended Third-Party Complaint (**ECF No. 84**), Certified Translations in relation to Defendants' Motion (**ECF No. 97**), Plaintiffs' Response in Opposition to Defendants' Motion (**ECF No. 101**), Defendants' Reply to Plaintiffs' Opposition (**ECF No. 106**), and Plaintiffs' Sur-Reply (**ECF No. 112**).

at Colegio Girasol, at no cost to them as required by the IDEA. (**ECF No. 84 at 4**). However, they allege that the DOE has failed to make timely reimbursements for these services, leading to financial burdens and a counterclaim by Colegio Girasol for outstanding payments. (**ECF No. 84 at 7, 13-16**). Plaintiffs are seeking reimbursement from the DOE for these expenses and an injunction mandating that their son receive special education services "at no cost." (**ECF No. 84 at 8, 16**).

With this background, the Court will examine whether it has subject matter jurisdiction to proceed with Plaintiffs' Third-Party Complaint, considering Defendants' Motion.

### III. Standard of Review and Applicable Law

#### i. Motion to Dismiss under Fed. R. Civ. P. 12(b)(1)

A defendant may move to dismiss an action for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). Courts are obligated to address questions of subject matter jurisdiction before the merits of a case. *Fortes-Cortes v. Garcia-Padilla*, 128 F. Supp. 3d 458, 461 (D.P.R. 2015). The party asserting federal jurisdiction, bears the burden of establishing its existence. *Reyes-Colón v. U.S.*, 974 F.3d 56, 60 (1st Cir. 2020).

When ruling on a 12(b)(1) motion, the court "must credit the plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor." *Merlonghi v. United States*, 620 F.3d 50, 54 (1st Cir. 2010).

#### ii. Exhaustion of Administrative Remedies under the IDEA

The IDEA, which provides federal funds to assist states in providing children with disabilities a "free appropriate public education", imposes its own jurisdictional mandate. *Parent/Prof'l Advocacy League v. City of Springfield*, 934 F.3d 13, 19 (1st Cir. 2019); *Christopher W. v. Portsmouth Sch. Comm.*, 877 F.2d 1089, 1099 (1st Cir. 1989). Under

the IDEA, if a dispute arises between parents and schools, the parents may file a complaint with the appropriate local or state educational agency which, if unsuccessful in resolving the dispute, leads to a mediation process, and then ultimately to a formal "due process hearing." *Parent/Prof'l Advocacy League*, 934 F.3d 13 at 19.

However, the United States Court of Appeals for the First Circuit has firmly established that before plaintiffs can file suit in federal court under the IDEA, they must first exhaust administrative remedies through the due process hearing. *See Roe v. Healey*, 78 F.4th 11, 24 (1st Cir. 2023); *Valentin-Marrero v. Puerto Rico*, 29 F.4th 45, 53 (1st Cir. 2022). This requirement is not merely procedural but jurisdictional. *Valentin-Marrero*, 29 F.4th 45, at 53. Parents' failure to exhaust the IDEA's administrative remedies "deprives the court of subject matter jurisdiction" to hear the merits of their case. *Rivera- Quiñones v. Dep't of Educ. of Puerto Rico*, 102 F. Supp. 3d 381, 386 (D.P.R. 2015); *see Christopher W.*, 877 F.2d 1089 at 1099 (finding that failure to exhaust administrative remedies left the court without jurisdiction to hear the merits of the case).

That said, Courts recognize limited exceptions to the exhaustion rule, and "a party who seeks to invoke an exemption bears the burden of showing that it applies." *Rivera-Quiñones*, 102 F. Supp. 3d 381 at 386. Parents are exempt if they "can show that the agency's adoption of an unlawful general policy would make resort to the agency futile, or that the administrative remedies afforded by the process are inadequate given the relief sought." *Valentin-Marrero*, at 51.

However, the exhaustion requirement is not excused even if the administrative forum cannot grant the precise relief the parents seek, such as when they seek only money damages. *See Michelle K. v. Pentucket Reg'l Sch. Dist.*, 79 F. Supp. 3d 361, 373 (D. Mass. 2015); *see also Frazier v. Fairhaven School Committee*, 276 F.3d 52 (1st Cir. 2002) ("[A]

party must exhaust a mandatory administrative process even if the precise form of relief sought is not available in the administrative venue."). The rationale behind the exhaustion requirement is to facilitate "a fully developed record . . . by a factfinder versed in the educational needs of disabled children." *Michelle K.*, 79 F. Supp. 3d 361, 373 (D. Mass. 2015).

The IDEA's exhaustion requirement applies not only to suits alleging violations of the IDEA itself, but also to those "brought under other statutes." *Roe*, 78 F.4th 11 at 24. Among those is "any § 1983 claim based upon violations of a student's IDEA rights." *Michelle K. at* 373 (internal citations omitted). As long as claims are in "some way based on the denial of a free appropriate public education, exhaustion is mandatory." *CBDE Pub. Sch. v. Mass. Bureau of Special Educ.*, 11-cv-10874, 2012 U.S. Dist. LEXIS 139060, at *21 (D. Mass. Sep. 27, 2012); *see also Fry v. Napoleon Cmty. Sch.*, 580 U.S. 154, 168-69 (2017) (If a "lawsuit seeks relief for the denial of" a free appropriate public education, "plaintiff cannot escape" the "exhaustion rule merely by bringing her suit under a statute other than the IDEA.").

IV.   **Discussion**

Defendants' Motion takes aim at Plaintiffs' alleged lack of subject matter jurisdiction to proceed before this Court because Plaintiffs' have failed to exhaust administrative remedies that would trigger federal jurisdiction. (**ECF No. 91 at 8-11**). Defendants argue that Plaintiffs did not use all the administrative steps available under the IDEA and that "Plaintiffs have not demonstrated that their claims are an exception from the exhaustion requirement of IDEA" and thus cannot bypass these steps. *Id*. at 8. Defendants also argue that Plaintiffs cannot use § 1983 in this case. (**ECF No. 106 at 4-6**). They point out that Plaintiffs are mainly relying on § 1983 for their claim, but § 1983

does not create new rights; it only provides a way to enforce existing constitutional or statutory rights. (**ECF No. 106 at 4-6**).

Plaintiffs' Third-Party Complaint asserts exhaustion of administrative remedies under the IDEA is not required here "because the parents, by not [sic] fault of their own, are now being subjected to a countersuit in federal court due to the DOE's failure to make timely payments for reimbursements." (**ECF No. 84 at 7**). According to Plaintiffs "[s]hould this [C]ourt have jurisdiction over the DOE in the instant case, the Third-[P]arty [C]omplaint could proceed under Rule 14 of the Fed. R. Civ. P." *Id*. This is because according to Plaintiffs, the "administrative review process is utterly inadequate and futile to review the parents' claim against the DOE[,] since the claim is now part of ongoing litigation in federal court." *Id*.

The Court observes that Defendants have correctly raised that Plaintiffs, having initiated this Third-Party Complaint, must demonstrate federal jurisdiction for their action to move forward. Yet, Plaintiffs fall short. Plaintiffs wrongly assume defending a counterclaim launched by Colegio Girasol (**ECF No. 54**) grants this Court with jurisdiction over their IDEA claims against Defendants (**ECF No. 101 at 2**). However, this misconstrues how subject matter jurisdiction is conferred for claims under the IDEA. As a result, Plaintiffs have not established federal jurisdiction under the IDEA, particularly regarding the exhaustion of administrative remedies. Plaintiffs also fail to demonstrate any applicable exceptions to the IDEA's exhaustion requirement. Thus, the Court is unable to proceed with Plaintiffs' Third-Party Complaint.

This failure to establish federal jurisdiction under the IDEA due to non-exhaustion of administrative remedies is most evident in Plaintiffs' own admission of not following the necessary steps. *See* (**ECF No. 101 at 12-17**). Instead, Plaintiffs offer a misguided

excuse concluding, "[e]xhaustion of administrative remedies . . . is not required in the instant case because the parents, by not [sic] fault of their own, are now being subjected to a countersuit in federal court due to the DOE's failure to make timely payments for reimbursements." (**ECF No. 84 at 7**).

In *Thomas v. Town of Chelmsford*, the court dismissed plaintiffs' IDEA claim for failure to exhaust administrative remedies, despite Plaintiffs' claim for reimbursement for costs related to the child's schooling. 267 F. Supp. 3d 279, 309 (D. Mass. 2017). The court found that the plaintiffs had failed to meet their burden of proving an exemption to exhaustion "by claiming in a conclusory manner that IDEA procedures would have been futile" to remedy the alleged deprivation of their child's education. *Id.* Likewise, here, Plaintiffs argument that the "administrative review process is utterly inadequate and futile to review the parents' claim against the DOE since the claim is now part of ongoing litigation in federal court" mirrors the conclusory and hollow argument rejected in *Thomas*. (**ECF No. 84 at 7**); *Thomas v. Town of Chelmsford*, 267 F. Supp. 3d 279, 309 (D. Mass. 2017).[4]

In their additional effort to sidestep the IDEA's mandated administrative process, Plaintiffs turn to Fed. R. Civ. P. 14 and 42 U.S.C. § 1983. Yet, neither propels Plaintiffs' claim closer to having subject matter jurisdiction under the IDEA.

Plaintiffs' use of Fed. R. Civ. P. 14 is misplaced and is circular in logic. According to Plaintiffs, Rule 14 "allowed the parents to file this case within the instant litigation because it is a result of the counterclaim." (**ECF No. 101 at 13**). However, Rule 14

---

[4] Plaintiffs' assertion that "the administrative procedure under the IDEA is geared to resolve the controversies between the parents and the educational agency no (sic) claims for payment of money of [sic] a third party" thus "resolving such a claim in the administrative forum would be delayed and be futile and inadequate since the case is already in District Court" is similarly unconvincing. **(ECF No. 101 at 16)**.

governs third-party practice, and does not confer jurisdiction for an IDEA claim. *See* Steven S. Gensler, Federal Rules of Civil Procedure, Rules and Commentary, Rule 14, (quoting *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 370 (1978)) (*"*Rule 14 does not establish the court's subject-matter jurisdiction" as "the Supreme Court stated that 'it is axiomatic that the Federal Rules of Civil Procedure do not create or withdraw federal jurisdiction.'"). Accordingly, Plaintiff cannot start an IDEA action in federal court, subsequently face a counterclaim, and then use that counterclaim as the vehicle for subject matter jurisdiction under the IDEA.

Moreover, contrary to Plaintiffs' assertion that "this is an action under Rule 14 of the Fed. R. of Civ. P" (**ECF No. 101 at 11**), Plaintiffs' action is undeniably an action under the IDEA. Therefore, the framework of this federal law governs, and Plaintiffs' reliance on Rule 14 is misplaced. *See* (**ECF No. 84**); *Compare Greene Cnty. Tech Sch. Dist. v. Mw*, 17-cv-00047, 2019 U.S. Dist. LEXIS 56907, at \*19 (E.D. Ark. Mar. 31, 2019) (addressing the possibility that because the *school district* filed first in federal court, Plaintiffs' counterclaim and third-party complaint may have been compulsory thus *potentially* dispensing with the need for the "administrative exhaustion requirement.").

Plaintiffs' reliance on 42 U.S.C. § 1983 fares no better. (**ECF No. 101 at 2, 12; ECF No. 112 at 3, 6-7**). In *Frazier*, the plaintiffs argued the "IDEA's administrative process would be a waste of time" since the sought after relief was "exclusively in the form of money damages" under 42 U.S.C. § 1983. *See Frazier*, 276 F.3d 52, 59–60. By extension, the plaintiffs contended that they should be allowed to forgo exhaustion and bring their "[§] 1983 claim directly before a federal district court." *Id*. Ultimately, the First Circuit held "that plaintiffs who bring an IDEA-based claim under 42 U.S.C. § 1983, in

which they seek only money damages, must exhaust the administrative process available under the IDEA" before entering federal court. *Id.*

Simply put, Plaintiffs' argument suggesting that the administrative procedure would be futile and inadequate fails to acknowledge the necessity of exhausting administrative remedies under the IDEA, even when asserting a § 1983 claim. Echoing the First Circuit's finding in *Frazier*, Plaintiffs' argument fails to recognize that seeking monetary damages under 42 U.S.C. § 1983 still requires exhaustion of IDEA's administrative processes. (**ECF No. 101 at 12**); *see Frazier v. Fairhaven Sch. Comm.*, 276 F.3d 52, 59–60 (1st Cir. 2002). Therefore, Plaintiffs' claim that § 1983 offers an alternative pathway to bypass IDEA's administrative processes does not hold water. (**ECF No. 101 at 12; ECF No. 112 at 3**). Their reliance on § 1983 does not exempt them from the requirement to exhaust administrative remedies. *See Frazier*, 276 F.3d at 60.

The U.S. Supreme Court's decision in *Fry* provides additional clarity. 580 U.S. 154, 171 (2017). In *Fry*, the Supreme Court clarified that exhaustion is not necessary when a plaintiffs' suit focuses on issues other than the denial of a free appropriate public education ("FAPE"). *Id.* at 168-69. To decide if a suit is about the denial of a FAPE, the *Fry* Court provided two guiding questions. *Id.* at 171. "First could the plaintiff have brought essentially the same claim if the alleged conduct had occurred at a public facility that was not a school—say, a public theater or library?" *Id.* "[S]econd, could an *adult* at the school—say, an employee or visitor—have pressed essentially the same grievance." *Id.* (emphasis in original). "If the answer to both of these questions is 'no,' then the complaint likely seeks relief for a FAPE." *Greene Cnty. Tech Sch. Dist.*, 2019 U.S. Dist. LEXIS 56907, at *14-15 (citing *Fry*, at 171). "If the answer is 'yes,' then the complaint likely seeks relief independent from the alleged denial" of a free appropriate public education. *Id.*

Applying the guiding questions outlined in *Fry*, Plaintiffs' claim is inherently linked to the school and the educational services provided there. *See Fry*, at 171. First, Plaintiffs' claim revolves around the specialized educational services at Colegio Girasol, a context that is inextricably tied to the school setting and cannot be replicated in a non-school public facility. (**ECF No. 84 at 7**).

Second, an adult at the school could not have brought the same grievance, as the Third-Party Complaint is specific to the "right" of Plaintiffs to "obtain special education services for their son, at no cost to them" under the IDEA. (**ECF No. 84 at 4-5, 14**). Simply put, it does not pertain to grievances an adult might have in the same environment. *See Fry*, at 171. As such, the Third-Party Complaint squarely falls within the ambit of FAPE-related issues as outlined in *Fry* and the IDEA.

In sum, Plaintiffs' claims are based on rights provided under the IDEA. (**ECF No. 84 at 10-11**). Plaintiffs' have not alleged that they pursued any of the administrative remedies required by the IDEA, nor do they dispute Defendants' contention that they have not exhausted their administrative remedies. To the extent Plaintiffs intended to bring claims under the IDEA or 42 U.S.C. § 1983, these claims fail because Plaintiffs have not exhausted the prerequisite administrative remedies. *See Frazier,* 276 F.3d at 64. Accordingly, Defendants' Motion is **GRANTED** and Plaintiffs' Third-Party Complaint must be **DISMISSED** for failing to exhaust IDEA's administrative remedies, a prerequisite for this Court's jurisdiction.

## V.     Conclusion

For the reasons set forth above, Defendants' Motion to Dismiss (**ECF No. 91**) is **GRANTED** and Plaintiffs' Third-Party Complaint is **DISMISSED** *without prejudice*.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 29th day of January 2024.

*/s/ María Antongiorgi-Jordán*
**MARIA ANTONGIORGI-JORDÁN**
**UNITED STATES DISTRICT JUDGE**
