**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

**LIGNOS-LOPEZ, *et al.*,**

***Plaintiffs,***

**v.**

**SERVICIOS DE TERAPIA EDUCATIVA GIRASOL, INC., *et al.*,**

***Defendants.***

Civ. No. 22-cv-1419 (MAJ)

**OPINION AND ORDER**

## I. Introduction

Before the Court is a Motion to Dismiss filed by Defendant, Multinational Insurance Company ("MIC" or "Defendant"), challenging the allegations set forth by Plaintiffs in their Complaint. Plaintiffs, a minor named D.A.L.P. who requires special education services, and his parents, Alexander Rafael Lignos-Lopez and Vanessa Padilla-Muñoz (collectively "Plaintiffs"), allege actions by education provider, Servicios de Terapia Educativa Girasol, Inc. ("Girasol") and others, violated their substantive due process rights under the Fourteenth Amendment of the U.S. Constitution. (**ECF No. 49**). These actions are claimed to be actionable under 42 U.S.C. § 1983 for representing either an official policy or custom or posing a state-created danger. *Id.*

Specifically, Plaintiffs' Fifth Amended Complaint[1] details an incident in December 2021, where D.A.L.P. sustained injuries while under Girasol 's care, as well as subsequent decisions by the school that allegedly violated an agreement to provide continuous education services despite payment delays from the government. (**ECF No. 49**).

[1] The operative complaint, referred hereinafter as the "Complaint".

Plaintiffs argue these actions resulted in physical and emotional damages due to the school's failure to provide adequate care and supervision. *Id*. at 16, 21. The Complaint implicates Defendant, an insurance company, alleging it issued policies covering damages related to the incident. *Id*. at 6.

Defendants seek dismissal, arguing it had not insured any parties involved at the time of the incident and that, even if it had, exclusions in the policy would negate coverage for the events described. (**ECF No. 61 at 2**). Defendants' Motion to Dismiss is brought under Federal Rule of Civil Procedure 12(b)(6) (the "Motion") and is supported by exhibits intended to demonstrate the absence of a relevant insurance policy.[2]

For the reasons stated below, the Court **DENIES** Defendants' Motion to Dismiss. (**ECF No. 61**).

## II. Background

The Complaint presents a series of events involving D.A.L.P., who was receiving special education services from Girasol "under the Individuals with Disabilities Educational Act ("IDEA"), 20 U.S.C. 1401, et seq.," by way of an agreement with the Department of Education of the Commonwealth of Puerto Rico ("DOE"). (**ECF No. 49 at 6-7**). According to the Complaint, this agreement included a provision that Girasol would continue providing services to D.A.L.P. regardless of the timing of payments from the government. *Id*. at 7.

In December 2021, an incident occurred where D.A.L.P. sustained facial injuries from another student while in the care of Girasol, which the Complaint alleges led to

[2] In considering Defendants' Motion the following filings were reviewed, Plaintiffs' Opposition to Defendants' Motion to Dismiss (**ECF No. 76**); Defendants' Reply to Plaintiffs' Opposition (**ECF No. 79**); and Plaintiffs' Sur-Reply (**ECF Nos. 83**).

inadequate medical response from the institution. (**ECF No. 49 at 10-14, 21**). Additionally, the Complaint alleges that Girasol later informed Plaintiffs of a decision to withhold D.A.L.P.'s access to education and final grades due to unpaid fees, contrary to their prior arrangement. (**ECF No. 49 at 7, 14**)

The Complaint elaborates that Colegio Girasol, acting under a covenant with the state, provided services to D.A.L.P. in accordance with an Individualized Educational Program ("IEP"), thereby engaging in actions that are intertwined with those of the government. *Id.* at 7-8, 21.[3] This relationship, in accordance with an IEP, makes Girasol and its staff state actors subject to the requirements of the Fourteenth Amendment and state laws ensuring that services provided prevent negligence and abuse, thus protecting the substantive and procedural due process rights of the student. Plaintiffs argue that the failure of Colegio Girasol to adequately respond to an incident where D.A.L.P. was injured, and the subsequent denial of educational services over disputed payments, represent a violation of these due process rights. *Id.* at 16-24.

Plaintiffs assert that these actions constitute a violation of substantive due process rights and have resulted in both physical and emotional damages to the parties involved. *Id.* at 23-24. Plaintiffs maintain Defendants are "directly responsible for the illegal actions that violated [D.A.L.P.'s] constitutional rights," because they were "executing Colegio Girasol's official policy or were acting in accordance with a well settled and common

---

[3] According to the Complaint, because the DOE receives federal funds, it must ensure public education is provided, and must contract with private institutions like Colegio Girasol if unable to do so directly, as mandated by the IDEA. *Id.* at 17; *see also* 20 U.S.C. § 1412(a)(10)(B).

custom or policy in Colegio Girasol" that deprived him of his constitutional rights. (**ECF No. 49 at 21**).[4]

As to MIC, Plaintiffs' Complaint alleges that the insurance company, "issued insurance policies that cover the damages claimed in the instant complaint against some or all codefendants (among them, Maribel Lagares, Efrain Pomales, Servicios de Terapia Educativa Girasol, Inc.)," in their individual or official capacity as it relates to "Colegio Girasol or any other affiliated entity." *Id*. at 6.

Defendant challenges its inclusion in this suit on the grounds that at the time of the events leading to the Complaint, it had not issued any insurance policy to any of the co-defendants. (**ECF No. 61 at 1-2**). Defendant argues its association with this litigation is based solely on the incorrect assertion that it was the insurer of co-defendant Ms. Lagares during the incident. (**ECF No. 61 at 2**).

Moreover, Defendant argues that even if it were the insurer for Ms. Lagares, the policy in question contains specific exclusions that would negate coverage for the events described in the Complaint. (**ECF No. 61 at 2-3**). According to Defendant, this warrants dismissal of the Complaint against them under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. (**ECF No. 61 at 3**). To support its motion, Defendant provided two exhibits, purportedly showing no insurance coverage for the alleged incidents. (**ECF Nos. 61 ¶¶ 3-6; 61-1; 61-2**).

---

[4] Additionally, the Complaint references several state law provisions, including the "Integral Educational Services for Persons with Disabilities Act, Law 51" highlighting that it is the public policy of Puerto Rico to provide a free, appropriate public education to individuals with disabilities. *See* 18 L.P.R.A. § 13512, et seq.; 18 L.P.R.A. § 1352. (**ECF No. 49 at 18-20**). Moreover, according to the Complaint, "educational and related services must be provided in accordance with applicable laws and regulations, 18 L.P.R.A. § 1355(14), which include that the disabled person receives substantive as well as procedural due process of law. 18 L.P.R.A. § 1355(16)." *Id*. at 20. Furthermore, Plaintiffs cite, 18 L.P.R.A. § 1353, pointing to the law's protection for persons with disabilities against "negligence, abuse, prejudice, abuse or carelessness" by various community members, including "their parents, teachers and the community in general." *Id*. at 18.

## III. Standard of Review

### a. Motion to Dismiss Standard under Fed. R. Civ. P. 12(b)(6)

Federal Rule of Civil Procedure 8(a) requires plaintiffs to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When addressing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), Courts should "accept as true all well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff []." *Gargano v. Liberty Int'l Underwriters, Inc.*, 572 F.3d 45, 48-49 (1st Cir. 2009). Under *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007), a plaintiff must "provide the grounds of his entitlement [with] more than labels and conclusions." *See Ocasio-Hernandez v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011) ("in order to 'show' an entitlement to relief a complaint must contain enough factual material 'to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)'") (quoting *Twombly*, 550 U.S. at 555) (citation omitted). Thus, a plaintiff is required to, present allegations that "nudge [his] claims across the line from conceivable to plausible" to comply with the requirements of Rule 8(a). *Id.* at 570; *see e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

When considering a motion to dismiss, the Court's analysis occurs in a two-step process under the current context-based "plausibility" standard established by *Twombly*, 550 U.S. 544, and *Iqbal*, 556 U.S. 662 (2009). "Context based" means that a plaintiff must allege sufficient facts that comply with the basic elements of the cause of action. *See Iqbal*, at 671-672 (concluding that plaintiff's complaint was factually insufficient to substantiate the required elements of a *Bivens* claim, leaving the complaint with only conclusory statements). First, the Court must "accept as true all of the allegations contained in a complaint[,]" discarding legal conclusions, conclusory statements, and factually

threadbare recitals of the elements of a cause of action. *Iqbal*, at 678; *Mead v. Independence Ass'n*, 684 F.3d 226, 231 (1st Cir. 2012) ("Any statements in the complaint that are either legal conclusions couched as facts or bare bones recitals of the elements of a cause of action are disregarded.").

In the second step of the analysis, the Court must determine whether, based on all assertions not discarded in the first step, the complaint "states a plausible claim for relief." *Iqbal*, at 679. This second step is "context-specific" and requires that the Court draw from its own "judicial experience and common sense" to decide whether a plaintiff has stated a claim upon which relief may be granted or, instead, whether dismissal under Fed. R. Civ. P. 12(b)(6) is warranted. *Id.*

To survive a motion to dismiss, a plaintiff must allege facts sufficient to state a plausible claim for relief. *Doe v. Stonehill College, Inc.*, 55 F.4th 302, 316 (1st Cir. 2022). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' 'that the pleader is entitled to relief.'" *Iqbal*, at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Furthermore, such inferences must be at least as plausible as any "obvious alternative explanation." *Id.* at 682 (citing *Twombly*, 550 U.S. at 567).

The First Circuit has warned against equating plausibility with an analysis of the likely success on the merits, affirming that the plausibility standard assumes "pleaded facts to be true and read in a plaintiff's favor" "even if seemingly incredible." *Sepúlveda-Villarini v. Dep't of Educ. of P.R.*, 628 F.3d 25, 30 (1st Cir. 2010) (citing *Twombly*, 550 U.S. at 556); *Ocasio-Hernandez*, at 12 (citing *Iqbal*, at 680); *see Twombly*, at 556 ("[A] well-pleaded complaint may proceed even if it appears that a recovery is very remote and unlikely.") (internal quotation marks omitted); *see Ocasio-Hernandez*, at 12 (citing

*Twombly*, at 556) ("[T]he court may not disregard properly pled factual allegations, 'even if it strikes a savvy judge that actual proof of those facts is improbable.'"). Instead, the First Circuit has emphasized that "[t]he make-or-break standard . . . is that the combined allegations, taken as true, must state a plausible, [but] not a merely conceivable, case for relief." *Sepúlveda-Villarini*, 628 F.3d at 29.

But a complaint that rests on "bald assertions" and "unsupportable conclusions" will likely not survive a motion to dismiss. *See Alston v. Spiegel*, 988 F.3d 564, 573 (1st Cir. 2021) (internal quotations and citation omitted). Similarly, bare factual assertions as to the elements of the cause of action are inadequate as well. *Penalbert-Rosa v. Fortuno-Burset*, 631 F.3d 592 (1st Cir. 2011). "Specific information, even if not in the form of admissible evidence, would likely be enough at [the motion to dismiss] stage; pure speculation is not." *Id.* at 596.

**b. Matters Outside of the Pleadings under Fed. R. Civ. P. 12(b)(6)**

When a defendant raises an affirmative defense that is obvious on the face of plaintiff's pleadings, and the court makes its ruling based only on those pleadings, the motion is treated as a Rule 12(b)(6) motion to dismiss. *Fudge v. Penthouse Intern.,* 840 F.2d 1012, 1015 (1st Cir. 1988). If the court considers matters "outside" the pleadings, then this converts the motion to one for summary judgment under Fed. R. Civ. P. 56; *Puerto Rican–American Ins. Co. v. Benjamin Shipping Co.,* 829 F.2d 281, 285 (1st Cir. 1987).

However, "there is a narrow exception for documents — the authenticity of which is not challenged — that are central to the plaintiffs claim or sufficiently referred to in the complaint, even if those documents are not physically attached to the pleading." *Carrero-Ojeda v. Autoridad De Energia Electrica*, 755 F.3d 711, 717 (1st Cir. 2014); *see also Perez-Tolentino v. Iancu*, 983 F.3d 66, 67 (1st Cir. 2020) (cleaned up) ("[w]hen . . . a complaint's

factual allegations are expressly linked to -- and admittedly dependent upon -- a document (the authenticity of which is not challenged), that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6).").

A Court can also consider "implications from documents ... fairly incorporated into the complaint," as well as "facts susceptible to judicial notice," "official public records," plus "concessions in plaintiff's response to the motion to dismiss." *Olisky v. Town of E. Longmeadow*, 642 F. App'x 1, 3–4 (1st Cir. 2016); *Ibarra-Berrios v. ACI-HERZOG*, 19-cv-2102, 2020 U.S. Dist. LEXIS 230442, at *6-7 (D.P.R. Dec. 8, 2020) (citing *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993)).

## IV. Discussion

### a. Defendants' Exhibits in Support of its Motion to Dismiss

With this legal framework in mind, the Court first begins by considering the documents presented by Defendant in support of its Motion. Defendant has presented two exhibits. The first exhibit is a "Sworn Statement Under Penalty of Perjury Regarding Non-Existence of Insurance Policy" (the "Statement") by Pedro Gonzalez-Gorgas, Vice President of Multinational Insurance Company (MIC), asserting the non-existence of any insurance policy covering the co-defendant Maribel Lagares Rosy during the relevant period. (**ECF No. 61-1**). The Statement declares that "during the dates of the events" alleged in the Complaint, MIC "had not issued any type of insurance policy in the name of codefendant Maribel Lagares Rosy and/or any" other of the named co-defendants. *Id*. The Statement asserts that MIC began insuring co-defendant Ms. Lagares on January 24, 2033, which is after the events at issue in the Complaint. *Id*. The second exhibit is the

insurance policy itself (the "Policy"), which purportedly does not apply to Plaintiffs' claims. (**ECF No. 61-2**).

MIC argues that the exhibits attached to its Motion to Dismiss prove its policy with co-defendant Lagares does not cover Plaintiffs' claims. *See* (**ECF Nos. 61, 79**). It contends Plaintiffs therefore failed to meet the plausibility standard, because they did not provide "fact, [or a] document, statute, rule, precedent, or person in support of their allegation against MIC," while MIC "has provided documents with a presumption of veracity – attached as exhibits to the present motion." (**ECF No. 61 at 7**) (emphasis removed).

Plaintiffs concede that the Policy is central to their claims but challenge the consideration of the Policy on the grounds of incompleteness. (**ECF No. 76 at 4-6**). They maintain it lacks essential information, rendering it incapable of full interpretation and thus should be excluded. *Id*. The Court agrees.

Courts in this Circuit have repeatedly declined to consider documents outside of the pleadings whose authenticity is challenged due to incompleteness. *See Knowlton v. Shaw*, 70 8 F. Supp. 2d 69, 75-76 (D. Me. 2010), *aff'd*, 704 F.3d 1 (1st Cir. 2013) (holding an incomplete document should not be evaluated during a motion to dismiss but rather at the summary judgment stage, allowing parties to present more comprehensive evidence); *Higgins v. Town of Concord,* 246 F. Supp. 3d 502, 511 (D. Mass. 2017) (declining to consider a document even if it was both authentic and central to a claim because it was incomplete); *see also Triangle Trading Co., Inc. v. Robroy Industries, Inc.*, 952 F. Supp. 75, 76 n.1 (D.P.R. 1997) ("When the extra-pleading material is . . . scanty, *incomplete*, or inconclusive, the court probably will reject it." (quoting 5A Charles A.

Wright & Arthur K. Miller, *Federal Practice & Procedure* § 1366 (2d ed. 1990))) (emphasis added).

Despite this, Defendant urges the Court to consider the documents appended to their Motion to Dismiss because "defendants may attach documents that are central to the allegations ***in the motion***" and "defendants may attach documents that are part of the public record." (**ECF No. 61 at 6**). (emphasis added). Defendant contends the accompanying documents meet these criteria and assure the Court "there should be no issue as to their authenticity." *Id.*[5]

However, Defendant's argument overlooks the distinction between documents relevant to Plaintiffs' claims and those pertinent to their Motion. Defendant cites *Collins v. Morgan Stanley Dean Witter*, a U.S. Court of Appeals for the Fifth Circuit decision in support of its contention that the Court consider their peripheral material. 224 F.3d 496, 498-99 (5th Cir. 2000). (**ECF No. 61 at 6**). There, the Fifth Circuit stated, "documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim. In so attaching, the defendant merely assists the plaintiff in establishing the basis of the suit." *Id.* Accordingly, Defendant argues the attachments should be reviewed. Yet, Defendant misconstrues the Fifth Circuit's holding. The Court confined its decision to documents crucial to *plaintiff's* claim, not, as Defendant misinterprets, documents central to the *defendant's* own arguments. *Id.* That said, Plaintiffs concede "the insurance policy would certainly be central to Plaintiff's claims," but for its incompleteness. (**ECF No. 76 at 4**). However, this concession does not extend to the Statement of No Insurance Coverage.

---

[5] Specifically, Defendants note, "[t]he sworn statement attached as Exhibit 1 was signed before a Puerto Rico Notary Public, with all the guarantees that such a procedure offers." (**ECF No. 61 at 7**).

This Statement is not integral to the factual foundation of Plaintiffs' Complaint, nor is it expressly referenced therein. Thus, the Court will disregard the Statement of No Insurance Coverage attached by Defendants. (**ECF No. 61-1**).

As to the Policy offered by Defendant, the Court will also refrain from considering it at this stage. (**ECF No. 61-2**). Defendant posits, quite flippantly, that the document's authenticity should not be questioned. (**ECF No. 61 at 6**). Yet, Plaintiffs challenge this assertion, pointing to deficiencies that cast doubt on its completeness and, by extension, its authenticity. (**ECF No. 76 at 4**).[6]

Moreover, despite Defendants' assertion that the Policy attached to Defendants' Motion is part of the "public record" and is replete with the "presumption of veracity," Defendant offers no legal support for this assertion. The Court sees no fathomable reason why an insurance contract between private parties would be part of the public record. Additionally, Defendants offer no compelling legal justification for a presumption of veracity to be attached to the Policy.[7]

To put it briefly, Defendants' arguments, veering more towards wishful legal thinking than robust legal reasoning, fail to meet the threshold required to allow documents outside the pleadings to be considered at the motion to dismiss phase without converting into a motion for summary judgment. *See Álvarez-Mauras*, 919 F.3d 617,

---

[6] Specifically, Plaintiffs highlight that according to Defendants' Policy exhibit (**ECF No. 61-2**) "forms or endorsements LP0001 and LP 0002" are integral to the Policy. (**ECF No. 76 at 5**). Defendants' failure to provide these elements renders the Policy incomplete, thus precluding a full interpretation of the document. *Id*.

[7] Additionally, a section of the Policy attached to the Defendant's Motion is in Spanish. (**ECF No. 61-2 at 69-81**). Although Plaintiffs did not point this out, it further justifies the Court's decision to disregard Defendant's exhibit for violating Local Rule 5(c). *See Ortiz-Sanchez v. Gonzalez Seda*, 23-cv-01463, 2023 WL 6057379, at *1 (D.P.R. Sept. 18, 2023) ("Local Rule 5(c) mandates the accompaniment of a certified English translation for every document filed in a foreign language.").

622–23 (1st Cir. 2019); *Arroyo-Audifred*, 431 F. Supp. 2d 215, 218 (D.P.R. 2006). Accordingly, the Court will disregard both extraneous materials attached to Defendants' Motion. The Court proceeds to Defendants' remaining arguments under the 12(b)(6) standard.

**b. Failure to State a Plausible Claim**

According to Defendants' Motion, "Plaintiffs have failed to meet the plausibility standard, as they have not provided one single fact, document, statute, rule, precedent, or person in support of their allegation against [Defendants]." (**ECF No. 61 at 6**). However, Defendants stop well short of providing any information as to how Plaintiffs' Complaint merely provides "labels, conclusions, and formulaic recitations." *Id.* at 7. Rather, Defendant is guilty themselves of the very thing they accuse Plaintiff of, providing nothing more than the barest of legal conclusions and labels in support of their Motion.

Defendants make no attempt to "correlate their argument" to the factual allegations in the Complaint such that the Court can appropriately evaluate their position. *See De La Madrid-Perez v. Rosado-Rodriguez*, 22-cv-01438, 2023 WL 8238955, at *5 (D.P.R. Nov. 28, 2023) (citing *Doe v. Siddig*, 810 F. Supp. 2d 127, 137–38 (D.D.C. 2011) ("courts need not resolve arguments raised in a cursory manner and with only the most bare-bones arguments in support."). As a result, this Court need go no further. Defendants, as the proponents of the Rule 12(b)(6) dismissal, must demonstrate that Plaintiffs have failed to state a claim upon which relief can be granted, and its bare-boned argument in support of their Motion fails to meet this "heavy burden of persuasion." *Washtenaw Cnty. Emps. Ret. Sys. v. Avid Tech., Inc.*, 28 F. Supp. 3d 93, 103 (D. Mass. 2014); *see De La Madrid-Perez*, 2023 WL 8238955, at *5 (denying defendant's motion to dismiss where the moving party merely presented "conclusory arguments" without

adequately addressing the deficiencies in plaintiff's pleadings); *see also Children's Health Def., Inc. v. Rutgers, the State Univ. of New Jersey*, 22-2970, 2024 WL 637353, at *20 (3d Cir. Feb. 15, 2024) (quoting *Potter v. Cozen & O'Connor*, 46 F.4th 148, 155 (3d Cir. 2022)) ("it is well-settled that 'the burden of persuasion' is on 'the defendant bringing a Rule 12(b)(6) motion ... [to] show that the plaintiff has not stated a claim[.]'").

Given the absence of a substantive critique of Plaintiffs' allegations, the Court finds Defendants' Motion under Fed. R. Civ. Pro. 12(b)(6) insufficiently supported. The Court summarily **DENIES** Defendants' Motion.

## V. Conclusion

For the reasons set forth above, Defendants' Motion to Dismiss (**ECF No. 61**) is **DENIED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 22th day of March 2024.

**/s/ María Antongiorgi-Jordán**
**MARIA ANTONGIORGI-JORDÁN**
**UNITED STATES DISTRICT JUDGE**