THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LIGNOS-LOPEZ, *et al.*,

    *Plaintiffs,*

v.

SERVICIOS DE TERAPIA
EDUCATIVA GIRASOL, INC., *et al.*,

    *Defendants.*

Civ. No. 22-cv-1419 (MAJ)

## OPINION AND ORDER

### I.   Introduction

Plaintiffs, Alexander Rafael Lignos-López and Vanessa Padilla-Muñoz, personally and on behalf of their minor son ("Plaintiffs"), have moved for reconsideration under Federal Rule of Civil Procedure 59(e) of this Court's Opinion and Order dismissing their case. (**ECF No. 139**). They argue that the Court "misapprehended the nature of the claims" in their Fifth Amended Complaint. (**ECF No. 141 at 2**). After careful consideration of the issues, the Court finds that reconsideration is warranted. Plaintiffs' Motion is therefore GRANTED.

### II.   Procedural Background

Plaintiffs initiated this action on August 31, 2022. (**ECF No. 1**). The Operative Complaint alleges that Defendants, while providing special education services to Plaintiffs' minor child D.A.L.P. during his time as a student at Defendant Colegio Girasol, engaged in conduct that compromised the "safety and well-being of D.A.L.P." (**ECF No. 49 at 28 ¶ 123**). To redress the alleged harm done to D.A.L.P., Plaintiffs requested "present, past, and future damages[.]" *Id*. at 27 ¶ 121-122.

On January 30, 2024, the Court issued an Order to Show Cause to Plaintiffs reasoning that, because the Court had previously dismissed Plaintiffs' Third-Party Complaint for failure to exhaust administrative remedies, it would be "prudent to confirm the subject-matter jurisdiction for Plaintiffs' primary action." (**ECF No. 115**). Specifically, the Order directed Plaintiffs to show "why this action should not be dismissed for lack of subject matter jurisdiction due to the non-exhaustion of administrative remedies under the IDEA or why such exhaustion is not necessary in this case." *Id*.

The very same day, Defendants filed a motion titled "Motion to Dismiss/Lack of Jurisdiction as to All Defendants." (**ECF No. 116**). As the Court noted in its previous order, that Motion left "much to be desired by way of argumentation[.]" (**ECF No. 139 at 22**). Indeed, the Motion appeared to conflate Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, argued for dismissal "for lack of federal jurisdiction[,]" and cited to Rule 12(b)(6) as the governing standard. (**ECF No. 116 at 1**).[1] In their Response to the Order to Show Cause, Plaintiffs argued that the Court had subject matter jurisdiction because Plaintiffs' claims did not fall within the ambit of the IDEA and Plaintiffs accordingly were not required to exhaust administrative remedies. (**ECF 119**).

In a subsequent Opinion and Order, the Court ordered dismissal of Plaintiffs' Complaint and dismissed the action in its entirety. (**ECF 139**); (**ECF 140**). The Court reached that decision on the ground that Plaintiffs' failure to exhaust administrative remedies deprived the Court of subject matter jurisdiction to entertain their claims. (**ECF 139**). In addition, the Court found in dicta that, even if the Court did have subject matter

---

[1] The Motion, which was filed mere hours after the Court issued its Order to Show Cause, (**ECF 115**), provided no substantive analysis of the facts of the case and consisted solely of legal boilerplate. Troublingly, the Motion is composed of such fundamental misapprehensions of fact and law that the Court is forced to speculate whether it was composed either by artificial intelligence or by an attorney with an alarming lack of capacity. *See also infra* Section IV.B.

jurisdiction over Plaintiffs claims, Plaintiffs had failed to state a claim for which relief could be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. On September 20, 2024, Plaintiffs filed the instant Motion for Reconsideration. (**ECF No. 141**).

### III. Standard of Review

Granting a motion for reconsideration under Federal Rule of Civil Procedure 59(e) is "an extraordinary remedy which should be used sparingly." *Palmer v. Champion Mortg.*, 465 F.3d 24, 30 (1st Cir. 2006). Courts have discretion to grant such motions only if the moving party demonstrates (1) a manifest error of law or fact, (2) newly discovered evidence, or (3) a significant intervening change in the law. *FDIC v. Mapfre Praico Ins. Co. of P.R.*, 638 F. Supp. 3d 102, 106–07 (D.P.R. 2022). "Unless the court has misapprehended some material fact or point of law, such a motion is normally not a promising vehicle for revisiting a party's case and rearguing theories previously advanced and rejected." *Id.* (citing *In re Sun Pipe Line Co.*, 831 F.2d 22, 24–25 (1st Cir. 1987)).

### IV. Analysis

After careful consideration of the Opinion and Order dismissing this action in its entirety, the Court finds that the Order was premised on a manifest error of law. First, as Plaintiffs argue forcefully in their Motion for Reconsideration, recent precedent from the United States Supreme Court establishes that Plaintiffs were not required to exhaust administrative remedies with respect to all of their claims. *Luna Perez v. Sturgis Pub. Sch.*, 598 U.S. 142 (2023). Second, the Court finds merit in Plaintiffs' contention that they were not sufficiently on notice that their Complaint would be scrutinized under Rule 12(b)(6) and therefore dismissal of their action for failure to state a claim was premature absent additional briefing from the parties. The Court will address each issue in turn.

### A. Subject Matter Jurisdiction

The Individuals with Disabilities Education Act ("IDEA" or "the Act") "provides federal funds to assist states in educating children with disabilities[,] and conditions such funding upon a State's compliance with extensive goals and procedures." *Roe v. Healey*, 78 F.4th 11, 15–16 (1st Cir. 2023) (cleaned up) (noting that, to receive such funding, states must guarantee to all children with disabilities a free and appropriate public education, commonly referred to as a "FAPE"). Parties must exhaust state-based administrative remedies before filing a lawsuit in federal court alleging violations of the IDEA. *Id.* Generally, where a party fails to exhaust administrative remedies as to a claim for relief available under the IDEA, that failure deprives federal courts of jurisdiction to entertain the claim. *See Valentín-Marrero v. Puerto Rico*, 29 F.4th 45, 53 n.4 (1st Cir. 2022); 20 U.S.C. § 1415(l) (before filing a civil action under other federal laws "seeking relief that is also available" under IDEA, "the procedures under [§ 1415](f) and (g) shall be exhausted.").

Only certain remedies are available to redress violations of the IDEA. The Act does not provide for compensatory damages, and § 1415(l) specifically instructs that "[n]othing [in the IDEA] shall be construed to restrict" the ability of parties to seek "remedies" under "other Federal laws protecting the rights of children with disabilities." The Act's administrative exhaustion requirement is therefore not applicable to claims for compensatory damages. *See Luna Perez v. Sturgis Pub. Sch.*, 598 U.S. 142, 147 (2023).

In *Fry v. Napolean Community Schools*, the Supreme Court held that, when determining whether a plaintiff's claim falls within the ambit of the IDEA's administrative exhaustion requirement, "a court should look to the substance, or gravamen, of the plaintiff's complaint." 580 U.S. 154, 165 (2017). In a footnote to that sentence, the

Supreme Court suggested that the statute left ambiguous whether a plaintiff seeking compensatory damages for harms that relate to the substantive requirements of the IDEA must exhaust administrative remedies as to that claim for relief:

> In reaching these conclusions, we leave for another day a further question about the meaning of § 1415(l): Is exhaustion required when the plaintiff complains of the denial of a FAPE, but the specific remedy she requests—here, money damages for emotional distress—is not one that an IDEA hearing officer may award?

*Id.* at 165 n.4. Six years later, in *Luna Perez*, the Supreme Court settled the matter. Expressly referring to the question presented in note 4 of *Fry* as "the question we now face[,]" i.e. whether a plaintiff must exhaust administrative processes under the IDEA where they seek money damages for emotional distress arising from denial of a FAPE, "we answer in the negative." *Luna Perez*, 598 U.S. at 149–150. Thus, taking *Fry* and *Luna Perez* together, the central question is whether the remedies sought by a plaintiff are remedies that the IDEA provides. Where the remedies sought by a plaintiff are not available under the Act, administrative remedies need not be exhausted; accordingly, if a plaintiff brings a claim for backwards-looking monetary damages, it is immaterial whether the underlying harm involved the denial of FAPE.[2] As noted above,

---

[2] This analysis does not disturb the Court's Opinion and Order at ECF No. 114, where the Court dismissed the Plaintiffs' Third-Party Complaint against the Commonwealth of Puerto Rico ("Commonwealth") for lack of subject matter jurisdiction. After Defendants had filed a Counterclaim against Plaintiffs for allegedly unpaid tuition, ECF No. 54, Plaintiffs filed a Third-Party Complaint against the Commonwealth, alleging that the Commonwealth was obligated to indemnify Plaintiffs for any such unpaid tuition. (**ECF No. 77**); (**ECF No. 84**). In the Opinion and Order dismissing the Third-Party Complaint, the Court held that it lacked subject matter jurisdiction over the third-party claim because Plaintiffs had failed to previously exhaust their administrative remedies. (**ECF No. 114**). Repayment for previously unpaid educational tuition is an equitable remedy provided by the IDEA. *Forest Grove Sch. Dist. v. T.A.*, 557 U.S. 230, 247 (2009) (concluding that the "IDEA authorizes reimbursement for the cost of private special-education services when a school district fails to provide a FAPE and the private-school placement is appropriate, regardless of whether the child previously received special education or related services through the public school."). As noted above, under First Circuit precedent, Plaintiffs failure to exhaust administrative remedies forms a categorical bar to the Court's exercise of jurisdiction over the Third-Party Claim. *See Valentín-Marrero*, 29 F.4th at 53 n.4 (noting that, under First Circuit precedent, where a party fails to previously exhaust administrative remedies as to a claim for relief available under the IDEA, that failure deprives a federal court of jurisdiction to entertain the claim).

administrative exhaustion requirement is therefore not applicable to claims for compensatory damages. *See Luna Perez*, 598 U.S. at 147.

In the instant action, there is no doubt that Plaintiffs have stated a claim for backward-looking compensatory damages. (**ECF No. 141 at 7–12**). Unlike a claim for compensatory education, a form of relief that is available under the IDEA and consists of "future special education and related services to ensure or remedy a past denial of a FAPE[,]" *Doucette v. Georgetown Pub. Schs.*, 936 F.3d 16, 32 (1st Cir. 2019), Plaintiffs' claim for monetary relief seeks backward-looking compensation for past physical and emotional harms allegedly inflicted on D.A.L.P. *See Roe v. Healey*, 78 F.4th at 16 ("Reimbursement of educational expenses is limited to money spent by parents for education-related expenditures that the state ought to have borne. Such reimbursements are distinct from damages.") (citations and quotations omitted). Under *Luna-Perez*, those claims need not be administratively exhausted. The Court therefore may properly exercise subject matter jurisdiction over all claims for compensatory damages brought by Plaintiffs.

This remains true even where, as here, a complaint commingles equitable and legal claims for relief. In short, where a complaint sets forth allegations regarding the denial of FAPE and requests both equitable relief and compensatory damages, and all such claims were not administratively exhausted, the latter claims may survive a motion to dismiss even as the former claims are subject to dismissal. *Luna Perez*, which focuses our attention on "remedies" rather than on "controversies," requires that exhaustion be analyzed in this way on a claim-by-claim basis. Indeed, other courts applying *Luna Perez* have taken this approach to distinguishing equitable and legal claims for relief under the IDEA's administrative exhaustion requirements. *See Li v. Revere Loc. Sch. Dist.*, No. 21-

3422, 2023 WL 3302062, at *13 (6th Cir. May 8, 2023) (characterizing one count as a claim for equitable relief and dismissing for failure to exhaust administrative remedies, while finding that another count, a claim for backward-looking compensatory damages brought under § 1983, was not subject to dismissal on those grounds); *see also Doe v. Franklin Square Union Free Sch. Dist.*, 100 F.4th 86, 102 n.9 (2d Cir. 2024) (Claims for compensatory damages are not subject to administrative exhaustion requirements simply because a plaintiff "sought equitable relief at one point during the litigation[.] [W]here, as here, a plaintiff seeks both damages and equitable relief, the failure to exhaust remedies under the IDEA bars (or defers) only the equitable relief portion of the suit, not the damages portion as well."); *cf. Doe v. Gavins*, No. 22-CV-10702-ADB, 2023 WL 6296398, at *13–14 (D. Mass. Sept. 27, 2023) ("If it becomes clear as the case progresses that they do in fact seek equitable remedies, such as educational reimbursement, in addition to or instead of compensatory damages, the Court will re-evaluate whether exhaustion is required."). Therefore, all claims for equitable relief brought by Plaintiffs – including for compensatory education – remain properly dismissed for failure to exhaust administrative remedies.

### B. Failure to State a Claim for Which Relief May be Granted

In the prior Opinion and Order, (**ECF No. 139**), the Court reasoned that, even if it could properly exercise subject matter jurisdiction over Plaintiffs' claims, Plaintiffs had failed to state a claim for which relief could be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure. In the instant Motion for Reconsideration, (**ECF No. 141**), Plaintiffs argue that because of the serious deficiencies that characterized the Defendants' Motion to Dismiss, they were not properly on notice that their claims were subject to dismissal on these grounds. (**ECF No. 116**). After careful consideration, the Court agrees.

Before a Court may dismiss a claim sua sponte, the parties must be on notice of arguable deficiencies in the complaint and they must have an opportunity to amend or otherwise respond. *See Chute v. Walker*, 281 F.3d 314, 318–320 (1st Cir. 2002) (sua sponte dismissals under 12(b)(6) are appropriate in limited circumstances, but sua sponte dismissal was erroneous when plaintiff was not afforded notice and opportunity to amend complaint or otherwise respond). Defendants filed their Motion to Dismiss on the same day as the Court's Order to Show Cause "as to why this action should not be dismissed for lack of subject matter jurisdiction due to the non-exhaustion of administrative remedies," and explicitly noted that the motion was based on the Court's Order to Show Cause at ECF No. 115. (**ECF No. 116 at 1**). The motion did not develop any arguments about the sufficiency of the allegations set forth in the Operative Complaint. (**ECF No. 116**). Rather, the Motion appeared to conflate Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, argued for dismissal "for lack of federal jurisdiction[,]" and cited to Rule 12(b)(6) as the governing standard. (**ECF No. 116 at 1**). Although Defendants' Motion to Dismiss made general reference to Rule 12(b)(6) of the Federal Rules of Civil Procedure, it ran afoul of Rule 7(b)(1)(B) by failing to "state with particularity the grounds for seeking the order" to dismiss for failure to state a claim, and provided no actual analysis of the allegations in the Operative Complaint under the Rule 12(b)(6) standard. Thus, in order to respond to the request for dismissal raised by Defendants' Motion, Plaintiffs were put in an untenable position of having to anticipate arguments for dismissal that were never actually raised against them. Thus, Plaintiffs were not on meaningful notice and did not have a genuine opportunity to respond before the Court dismissed the matter under Rule 12(b)(6).

## V. Conclusion

For the foregoing reasons, the Court finds that reconsideration is warranted. Plaintiffs Motion to Reconsider is GRANTED as to Plaintiffs' claims for compensatory damages. Plaintiffs are hereby ORDERED TO SHOW CAUSE why, in light of the reasons set forth at ECF No. 139 at Section IV. b, the Operative Complaint should not be dismissed under Rule 12(b)(6) for failure to state a claim for which relief may be granted. Response due by February 14, 2025.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 24th day of January, 2025.

>  */s/ María Antongiorgi-Jordán*
>  **MARIA ANTONGIORGI-JORDAN**
>  **UNITED STATES DISTRICT JUDGE**